Gayle CARPENTER, Plaintiff–
Appellant,

v.

CITY OF TORRINGTON, Marquam Johnson, Board of Public Safety of the City of Torrington, Mary Jane Gryniuk, Thomas Gritt, John Fields and Jaye Giampaolo, Defendants–Appellees.

No. 03–9194.

United States Court of Appeals,
Second Circuit.

June 10, 2004.

John R. Williams, New Haven, CT, for Plaintiff–Appellant.

Michelle Holmes, Sack, Spector & Karsten, LLP, West Hartford, CT, for Defendant–Appellee City of Torrington.

Alexandria L. Voccio, Howd & Ludorf, Hartford, CT, for Defendant–Appellee Marquam Johnson.

Present: MINER, POOLER, Circuit Judges, and GOLDBERG,* Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the District Court's order be **AFFIRMED**.

On September 15, 2003, the district court granted defendants' motion for summary judgment, issuing a ruling from the bench. The court dismissed Carpenter's sexually hostile work environment claims, finding that Carpenter failed to establish that (1) the sexually offensive conduct by defendant Marquam Johnson, chief of the fire department for the City of Torrington and Carpenter's direct supervisor, was committed against Carpenter on account of her gender and (2) that his purportedly

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

abusive conduct was severe and pervasive. The court dismissed Carpenter's due process and the "class-of-one" claims, finding that there was no deprivation of a property or liberty interest because Carpenter did not suffer any loss of pay, benefits, or other material workplace consequences as a result of Johnson's activities. The court also dismissed Carpenter's class-of-one claim upon finding that she failed to submit evidence of malice. Finally, the court dismissed Carpenter's state court claims upon declining to exercise supplemental jurisdiction.

■■■ Reviewing the case *de novo*, *see Hayut v. State Univ. of New York*, 352 F.3d 733, 743 (2d Cir.2003), we find that the district court correctly dismissed all of Carpenter's claims. The court found that the acts allegedly committed by Johnson were not on account of Carpenter's gender, as required by *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), because Johnson was equally, if not more, sexually offensive to male employees of the fire department. Moreover, the complained of incidents were not severe or pervasive because they primarily consisted of inappropriate comments that occurred only a handful of times over a four-year period. The district court dismissed Carpenter's class-of-one Equal Protection claim upon finding that she failed to establish that Johnson committed such acts with malice. We, instead, find that these claims should have been dismissed because Carpenter failed to establish that she was intentionally singled out for different treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). As Carpenter concedes, Johnson's inappropriate treatment of her was similar to his treatment of other employees. Finally, Carpenter's Title VII retaliation claim was also correctly dismissed. No defendant ever disciplined Carpenter, reduced her pay, placed her on suspension, or removed any of her duties in response to her filing a complaint about Johnson's conduct towards her. Although she claims she was forced to share an office with a hostile co-worker and was given a "silent treatment," these claims do not amount to a "materially adverse change' in the terms and conditions of employment." *Sanders v. New York City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir.2004).

We therefore AFFIRM.